# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VERNON D. CARROLL,

        Plaintiff,

   v.

J. KELLY, et al.,

        Defendants.

CASE NO. 1:12-CV-00201-DLB PC

ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE

    Plaintiff Vernon D.Carroll ("Plaintiff"), a California state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 27, 2012 in the Sacramento Division of the Eastern District of California. Plaintiff's case was transferred to the Fresno Division on February 13, 2012. On February 22, 2012, the Court struck Plaintiff's complaint as unsigned. On February 22, 2012, Plaintiff filed a signed complaint. Plaintiff consented to magistrate judge jurisdiction on February 8, 2012.

    Section 1915(g) of Title 28 of the United States Code provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff became subject to § 1915(g) on July 15, 2008, and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following cases that qualify as § 1915(g) strikes:

1

*Carroll v. Dep't Of Children and Family Services*, 2:01-cv-03263-RSWL-Mc (C. D. Cal.) (Dismissed May 7, 2002 for failure to state a claim); *Carroll v. E. Roe, et al.*, 2:02-cv-03006-DT-Mc (C. D. Cal.) (Dismissed November 27, 2002 for failure to state a claim); *Carroll v. A. Swarzaneggar, et al.*, 2:08-cv-04253-CJC-CT (C. D. Cal.) (Dismissed July 15, 2008 pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)[1]; *Carroll v. Swarzaneggar, et al.*, 2:09-cv-04292-UA-CT (C. D. Cal.) (Dismissed June 23, 2009 pursuant to *Heck*); *Carroll v. Swarzanegger, et al.*, 2:09-cv-05035-UA-CT (C. D. Cal.) (Dismissed July 30, 2009 pursuant to *Heck*); *Carroll v. Swarzeneggar, et al.*, 2:09-cv-07105-UA-CT (C. D. Cal.) (Dismissed October 13, 2009 pursuant to *Heck*); *Carroll v. Clark, et al.*, 1:09-cv-01701-OWW-SKO (E. D. Cal.) (Dismissed April 15, 2011 for failure to state a claim).

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception.[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Because Plaintiff is not under imminent danger of serious physical injury, he is ineligible to proceed in forma pauperis in this action, and is precluded from proceeding on his complaint absent the submission of the filing fee in full.

Based on the foregoing, it is HEREBY ORDERED that this action is dismissed, without prejudice to re-filing if accompanied by the $350.00 filing fee.

IT IS SO ORDERED.

Dated:   **February 27, 2012**           **/s/ Dennis L. Beck**
                                                               UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissals pursuant to *Heck* are considered strikes as Plaintiff would fail to state a claim. *See*, *e.g.*, *Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011) (same); *Bell v. Dikin, et al.*, 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011) (same); *see also Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

[2] Plaintiff's claim in this action concerns issues with a medical doctor and two nurses regarding his treatment at Avenal State Prison. Doc. 22. Plaintiff alleges that Defendant Enomoto told Plaintiff to go to an outside hospital. Defendant J. Kelly wrote an order to remove Plaintiff's assistive device and pain medication. Defendant Contreras refused a state cup to take medication. The Court makes no finding as to the merits of Plaintiff's claims.